Pearson, C. J.
 

 Assuming that Willis and Bond had a. joint cause of action against the defendant for the injury to theuvessel and cargo, and that the suit was properly instituted by them jointly, it is clear, that by the death of Bond, according to the common law, Willis was entitled to the entire right of action by the
 
 jus aecrescendi,
 
 and the suit would be con-
 
 *181
 
 ■timied in his name. It follows, that the effect of making the executor of Bond a party plaintiff, was to create a
 
 misjoinder,
 
 which is a fatal defect, unless the law is changed by statute.
 

 The Court is of opinion that the case stands as at common law, and does not come within the operation of any of the statutes.
 

 By tiie Revised Statutes, chapter. 43, sec. 2, it is enacted : “ In all estates, real or personal, the part or share, of any tenant dying, shall not descend, or go, to the surviving tenant, or tenants, but shall descend, or be vested in the heirs, executors or administrators, of the tenant so dying, in the same manner as
 
 estates
 
 held by tenancy in common, &c.” The question is, does the word
 
 estates,
 
 as used in the statute, include a joint chose in action for a tort.
 

 “
 
 Estate” is derived from
 
 status,
 
 and in its most general sense, means position or standing in respect to the things and concerns of this world. In this sense, it
 
 includes choses in action; Webb
 
 v.
 
 Bowler,
 
 5 Jones’ Rep. 362;
 
 Pippin v. Ellison,
 
 12 Ire. Rep. 61;
 
 Hurdle
 
 v.
 
 Outlaw,
 
 2 Jones’ Eq. 76. But it is also used in a much more restricted sense, and is then put in opposition to a chose in action, or mere right, to signify something which one has in possession, or a vested remainder, or reversion without dispute or adverse possession. Thus, we say, the
 
 estate
 
 is divested and put to a mere
 
 right
 
 by a disseisin or discontinuance ; and so, in Equity, where the trust is by agreement of the parties, we say the
 
 cestui gui trust
 
 has the
 
 estate,
 
 but where a decree is necessary, in order to convert one into a trustee against his consent, the party has a mere right;
 
 Taylor
 
 v.
 
 Dawson,
 
 3 Jones Eq. 91;
 
 Nelson
 
 v.
 
 Hughes,
 
 2 Jones Eq. 33;
 
 Thompson
 
 v. Thompson, 2 Jones’ Rep. 432.
 

 It is evident, from a perusal of the statute, that the word
 
 estates
 
 is used in this latter sense. “ The part or share of any
 
 tenant
 
 dying, shall not go to the surviving tenant or tenants, but shall go in the same manner as
 
 estates held
 
 by tenancy in common,” are words strictly appropriate, when applied to
 
 u
 
 estates” used in this sense, but are out of place when a chose
 
 *182
 
 in action is referred to. One is not a tenant of a clrose in action, nor does he
 
 hold
 
 an estate therein. This we believe is the construction that has heretofore been put on the statute, and we have never before heard it contended that it embraced choses in action.
 

 By Rev. Stat. ch. 2, sec. 1, it is enacted, “ It shall be lawful for tiie heirs, executors or administrators, to carry on every suit after the death of either plaintiff or defendant, and every such suit may be proceeded on by application of the heirs, executors, or administrators, of either party.” This statute was, obviously, intended to prevent the
 
 abatement
 
 of a suit by the death of the plaintiff or defendant, and, of course, has no application except to cases where an abatement would otherwise take place.
 

 The enactments, Rev. Stat. ch. 31, secs. 89, 90, 91, are expressly confined to cases where two or more persons are
 
 liable
 
 under joint “ obligations, assumptions or agreements,” and have no application to persons who are
 
 entitled
 
 to a cause of action jointly. Our conclusion is, that
 
 the jus aeereseendi
 
 remains as at common law, and we concur with his Honor in respect to the misjoinder, but we differ with him as to the mode in which it must be taken advantage of. The rule is, where the defect appears upon the face of the record, it must be taken advantage of by demurrer, or motion in arrest of judgment, or writ of error. "Where it does not so appear, and is shown upon the trial, by a variance between the
 
 allegata,
 
 and probata, it is a ground of nonsuit; 1 Ch. Plea. “ Parties.” In this case, there was no variance, for the allegation is an injury to the plaintiffs, Willis and the testator of the other plaintiff. This was supported by the proof, and the defect was caused by making the executor a pafty plaintiff. This defect was apparent on the record, consequently, it was error to enter judgment of nonsuit. The judgment in the Court below is reversed, and this Court, being required to give such judgment, as on an inspection of the whole record, ought, in law, to be rendered thereon, Rev. Stat. ch. 33, sec, 6, directs the
 
 *183
 
 judgment to be arrested. Neither party will recover cost.
 

 Pee CubiaM, Judgment arrested.